**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMAS A. SIMONIAN,<br><br>　　　　　Plaintiff,<br>　v.<br><br>SNAP-ON INCORPORATED,<br><br>　　　　　Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR FALSE PATENT MARKING

Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by his attorneys, hereby complains against Defendant SNAP-ON INCORPORATED ("Defendant") as follows:

### I.

### NATURE OF THE CASE

1.　This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2.　As set forth below, Defendant has violated 35 U.S.C. §292(a), by marking certain of its products with United States Patent Numbers 5,332,305, which subsequently reissued as Re. 36,379 ("the Re '379 Patent") and 5,992,956 ("the '956 Patent") (hereinafter collectively referred to as "the Patents") even though none of the claims of the Patents cover the products to which they are affixed. On information and belief, Defendant marks certain of its products with the Patents with the intent to deceive the public and to gain a competitive advantage in the market.

3.　Plaintiff seeks an award of monetary damages against Defendant pursuant to 35 U.S.C. §292(b) of $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.

## THE PARTIES

4. Plaintiff is an individual residing in Geneva, Illinois.

5. Defendant SNAP-ON INCORPORATED is a corporation established under the laws of the State of Delaware with its principal place of business at 2801 80th Street, Kenosha, Wisconsin 53143.

6. Upon information and belief, Defendant is a leading manufacturer and marketer of tools for professional users, and, in particular, tool storage cabinets.

## III.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendant's falsely marked products were and are offered for sale and sold in this District.

9. This Court has personal jurisdiction over Defendant because it has sold and continues to sell its falsely marked products, in Illinois and in this District and/or in the stream of commerce with knowledge that they would be sold in Illinois and in this District. Upon information and belief, such sales by Defendant are substantial, continuous, and systematic.

## IV.

## THE PATENTS

10. The Re '379 Patent, entitled "Tool Chest with Tool Pallet," issued on July 26, 1994 as U.S. Patent No. 5,332,305 and subsequently reissued on November 9, 1999 as Re. 36,379. A true and correct copy of the Re '379 Patent is attached hereto as Exhibit A.

11. Upon information and belief, the Re '379 Patent has four (4) independent claims. In particular, these independent claims are claims 7, 8, 11 and 12.

12. Upon information and belief, independent claims 7 and 8 of the Re '379 Patent include at least the following limitation(s): "… an open-top storage compartment …;" "… a cover […] to define an enclosure and movable between a closed position and an upstanding open position relative to the storage compartment …;" and "… a tool pallet disposed in said enclosure …."

13. Upon information and belief, independent claims 11 and 12 of the Re '379 Patent include at least the following limitation(s): "… an open-top storage compartment …" and "…a cover […] for movement between a closed position to close the storage compartment and an upstanding open position exposing the storage compartment …."

14. Upon information and belief, Figures 11 and 12 of the Re '379 Patent (see below) depict the claimed "open-top storage compartment" in a closed and an open position.



15. The '956 Patent, entitled "Inclined Slide Assemblies for Vertical Drawers," issued on November 30, 1999. A true and correct copy of the '956 Patent is attached hereto as Exhibit B.

16. Upon information and belief, the '956 Patent has three (3) independent claims. In particular, these independent claims are claims 1, 8 and 13.

17. Upon information and belief, independent claim 1 of the '956 Patent includes at least the following limitation: "… an upstanding drawer having angled upper and lower surfaces …."

18. Upon information and belief, independent claim 8 of the '956 Patent includes at least the following limitation: "… each of said frame support surfaces being inclined in use with respect to both the vertical and the horizontal, a drawer having angled first and second drawer support surfaces respectively parallel to said […] frame support surfaces …."

19. Upon information and belief, independent claim 13 of the '956 Patent includes at least the limitation: "… a plurality of vertical drawers each having angled surfaces disposed parallel to the support surfaces …."

20. Upon information and belief, Figure 4 of the '956 Patent (see below on next page) depicts the claimed vertical or upstanding drawers (see numerals 40) including the angled drawer support surfaces (see numerals 42 and 43) and inclined frame support surfaces (see numerals 32 and 37).



FIG. 4

**V.**

**COUNT I**

21. Plaintiff incorporates paragraphs 1-20 as if fully set forth herein.

22. Defendant has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets, or causes to be manufactured or marketed, products for sale to the general consuming public, including, for example, certain of its tool storage cabinets.

23.     Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following products and/or packaging thereof, with the Patents: Tool Storage Cabinet Model Nos. KRA 5213, KRL1003BPM and KRL722APDG.

24.     Defendant's exemplary Tool Storage Cabinet Model No. KRA 5213 and the false patent marking are shown below:





25. Defendant's exemplary Tool Storage Cabinet Model No. KRL1003BPM and the false patent marking are shown below:





26. Defendant's exemplary Tool Storage Cabinet Model No. KRL722APDG and the false patent marking are shown below:





27. The instances of false marking shown in paragraphs 24-26 above are representative and not exhaustive.

28. Upon information and belief, Defendant is a sophisticated company and has many decades of experience applying for, obtaining, and/or litigating patents.

29. Defendant by itself or by its representatives cannot genuinely believe that at least the exemplary Tool Storage Cabinets referenced above are properly marked with the Patents.

30. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the Patents do not cover the falsely marked products.

31. Upon information and belief, Defendant intentionally marked its products with the Patents in an attempt to deter competitors from entering the market and for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the Patents.

32. Each false marking on the Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

33. Upon information and belief, Defendant has wrongfully and illegally advertised at least one product as protected by a patent that does not protect that patent and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

34. Upon information and belief, Defendant knows, or reasonably should know, that marking its products with false patent statements was and is illegal under Title 35 United States Code. At a minimum, Defendant had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

35. For at least the reasons provided herein, and/or for reasons which will be later evidenced, each inappropriate marking of the Patents on a product contributes to causing harm to the Plaintiff, the United States and the general public.

36. Thus, each falsely marked patent marked on a product directly, or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a) A decree that Defendant has falsely marked products in violation of 35 U.S.C. §292;

(b) An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

(c) An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(d) All costs and fees incurred as a result of the prosecution of this action; and

(e) Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## VI.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated: March 5, 2010                                             Respectfully submitted,

                                                                                  /s/ Joseph M. Vanek

                                                                                Joseph M. Vanek

*Attorneys for Plaintiff*

Joseph M. Vanek
IL State Bar No. 6197046
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail:  bss@sperling-law.com
E-mail:  robc@sperling-law.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissman
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissman@emcpc.com